■ In the Matter of 10 ARGYLE REALTY ASSOCIATES, Appellant, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Housing Preservation and Development, dated January 30, 1987, reducing the partial real estate tax abatement granted pursuant to Administrative Code of the City of New York § 11-243 (former § J51-2.5), the petitioner appeals from a judgment of the Supreme Court, Kings County (Hirsch, J.H.O.), entered February 3, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On October 23, 1986, the Director of External Audits of the New York City Department of Housing Preservation and Development (hereinafter HPD), recommended to the Director of the Tax Incentive Programs that the reasonable cost of $422,540 certified in the January 29, 1985 certificate of eligibility issued to the petitioner be reduced to $196,200, based on his auditor's findings. On January 30, 1987, HPD issued a "Revision" directing the Department of Finance to reduce the certified reasonable cost to the new figure. Thereafter, the petitioner commenced the instant proceeding to review HPD's determination and for reinstatement of its previously certified benefits. After a hearing and review of the pleadings and attached documentation, the Judicial Hearing Officer dismissed the proceeding finding that "the action by the City was most fair and there was not a shred of evidence showing that the City was arbitrary in its determination of this matter".

The only question presented on this appeal is whether there was a rational basis for the agency's determination (see, Matter of Pell v Board of Educ., 34 NY2d 222). We find that the record supports the determination. "[C]ourts should not

disturb the agency's determination * * * in the absence of a clear demonstration that it is arbitrary and unreasonable in terms of the purpose of the J-51 program" *(Matter of Friedman-Kien v City of New York,* 92 AD2d 827, 828). Pursuant to Administrative Code § 11-243, the failure to prove the claimed costs in rehabilitating a building subjects the property to reduction or revocation of past and future J-51 benefits. Since overreaching and abuse are risks to any program of public benefits, HPD's audit program ensures that if excessive J-51 benefits are erroneously granted based on material misrepresentations of fact, they can be recouped *(see, People v Brandt,* 119 Misc 2d 849, *affd* 110 AD2d 530). Moreover, "[t]ax abatements under the J-51 program may be reduced or revoked if it is determined that the application contained a false statement or false information, or omitted a material matter. For the purpose of ascertaining the correctness of a J-51 application, HPD may examine any books, papers, records or other data which may be relevant or material * * *. Under Section 6.1 HPD clearly has the right to conduct audits of J-51 applications" *(Matter of Pross v New York City Dept. of Hous. Preservation & Dev.,* Sup Ct, NY County, June 1, 1984, Blyn, J., *affd* 119 AD2d 501). Here, the petitioner was given from April 12, 1985 to at least August 21, 1986 to gather and organize the records which it had been apprised, on more than one occasion, were necessary to prove its claimed costs. Despite this 16-month time period, the documents ultimately furnished by the petitioner only substantiated $196,200 in construction costs attributable to this project. No documents were submitted, in support, among other things, of 10 items claimed to have been purchased, paid for and installed at the property. These claims remained totally unverified at the time of HPD's determination. Accordingly, HPD properly determined to conform the abatement benefits to the verified costs, as authorized by statute.

In light of our determination, we do not address the petitioner's further contentions. Thompson, J. P., Brown, Kunzeman and Harwood, JJ., concur.