■ In the Matter of ACROPOLIS GARDENS REALTY CORP., Appellant, v DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK et al., Respondents. —In a proceeding pursuant to CPLR article 78 to review a determination of the Department of Housing Preservation and Development of the City of New York dated April 27, 1989, which issued the petitioner a Certificate of Eligibility and Reasonable Cost in the sum of $1,236,400 pursuant to Administrative Code of the City of New York § 11-243 (former § J-51-2.5), the petitioner appeals from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), dated January 9, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On September 30, 1988, the petitioner applied to the Department of Housing Preservation and Development of the City of New York (hereinafter HPD) for a tax exemption and abatement pursuant to Administrative Code of the City of New York § 11-243 (formerly § J-51-2.5) for alterations made to its property at 3301 Ditmars Boulevard in Queens. The property is a complex of 16 5-story buildings containing 617 Class A residential housing units. The alterations cost the petitioner $2,770,028, and HPD issued it a Certificate of Eligibility and Reasonable Cost (hereinafter CERC) in the sum of $1,236,400. Not every expenditure to repair or improve the

property qualified for so-called J-51 tax benefits. Only those items certified as eligible were included and listed on the CERC. The petitioner commenced the instant proceeding to review the determination of HPD denying a revision of the CERC so as to include additional items that would have increased the amount to $1,720,746 and for the certification of the property as a "moderate rehabilitation"—a designation that would entitle the petitioner to the inclusion of additional items in the CERC that would not otherwise be eligible for inclusion. Upon review of the pleadings and attached documentation, the Supreme Court dismissed the proceeding, finding that the determination of HPD was rational and not an abuse of discretion, and was not arbitrary or capricious.

The only question presented on this appeal is whether there was a rational basis for the agency's determination (see, Matter of Pell v Board of Educ., 34 NY2d 222; Matter of 10 Argyle Realty Assocs. v New York City Dept. of Hous. Preservation & Dev., 160 AD2d 1003). It is well established that " '[the] courts should not disturb the agency's determination * * * in the absence of a clear [determination] that it is arbitrary and unreasonable in terms of the purpose of the J-51 program' " which is to increase the supply of moderate rental housing that meets satisfactory standards (Matter of 10 Argyle Realty Assocs. v New York City Dept. of Hous. Preservation & Dev., supra, at 1003-1004; Matter of Friedman-Kien v City of New York, 92 AD2d 827, 828, affd 61 NY2d 923). We find that the record supports the determination. Pursuant to Administrative Code § 11-243 and the J-51 regulations HPD correctly and rationally determined that certain items of work that the petitioner completed were ineligible for J-51 benefits and others had not been completed upon inspection by HPD. As a result the certified reasonable cost per dwelling unit did not amount to $2,500 and therefore the project was not entitled to be qualified for the expanded tax benefits of a "moderate rehabilitation". Clearly, HPD properly evaluated the petitioner's application and made a reasoned and rational decision in denying these tax benefits. Lawrence, J. P., Eiber, Balletta and Ritter, JJ., concur.